**1**

W. I. BIDDLE, Warden, etc., Appellant, v. George WALT et al. (Circuit Court of Appeals, Eighth Circuit. February 17, 1925.) No. 6127. Appeal from the District Court of the United States for the District of Kansas. Al F. Williams, U. S. Atty., and W. W. Harvey, Asst. U. S. Atty., both of Topeka, Kan., for appellant. Lee Bond, of Leavenworth, Kan., for appellees.

PER CURIAM. Decree reversed, without costs to either party in this court, in accordance with opinion filed February 26, 1923.

---

**2**

BLACK & HANSON CO., Appellant, v. M. SPIESBERGER & SON CO. et al. (Circuit Court of Appeals, Eighth Circuit. December 17, 1924.) No. 6672. Appeal from the District Court of the United States for the District of Nebraska. F. A. Mulfinger, Robert J. Webb, and Harold M. Kelley, all of Omaha, Neb., for appellant. Charles B. Keller, George D. Keller, Joseph B. Fradenburg, and Francis P. Matthews, all of Omaha, Neb., for appellees.

PER CURIAM. Appeal dismissed, with costs, per stipulation of parties.

---

**3**

Bill BOSWELL, Plaintiff in Error, v. UNITED STATES. (Circuit Court of Appeals, Eighth Circuit. February 6, 1925.) No. 6956. In Error to the District Court of the United States for the District of Kansas. J. Q. A. Harrod, of Oklahoma City, Okl., for plaintiff in error. Al F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan.

PER CURIAM. Writ of error docketed and dismissed, without costs to either party in this court, on motion of defendant in error, under rule 16.

---

**4**

Mrs. Hettie BOSWELL, Plaintiff in Error, v. UNITED STATES. (Circuit Court of Appeals, Eighth Circuit. February 6, 1925.) No. 6957. In Error to the District Court of the United States for the District of Kansas. J. Q. A. Harrod, of Oklahoma City, Okl., for plaintiff in error. Al F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan.

PER CURIAM. Writ of error docketed and dismissed, without costs to either party in this court, on motion of defendant in error, under rule 16.

---

**5**

BOUKER CONTRACTING COMPANY, Libelant Appellee, v. Steam Tug P. R. R. No. 35, Her Engines, etc.; Pennsylvania Railroad Company, Claimant Appellant. (Circuit Court of Appeals, Second Circuit. March 2, 1925.) No. 232. Appeal from the District Court of the United States for the Eastern District of New York. Appeal from final decree (299 F. 608) in admiralty entered in the District Court for the Eastern District of New York. Burlingham, Veeder, Masten & Fearey, Chauncey I. Clark, and Ralph W. Brown, all of New York City, for claimant appellant. Foley & Martin, James A. Martin, and Geo. V. A. McCloskey, all of New York City, for libelant appellee. Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge. Before daylight on the morning of September 17, 1920, libelant's tug No. 3 was making up a tow of two dumpers lying at the end of Pier 41, a little below Red Hook. At the same time the No. 35 with a helper tug and tow of 21 boats came up the bay, intending to fasten the tow at a pier end, for distribution. The tide was ebb, but still slack along the pier ends. The helper tug cast off, and No. 35 slowly pulled her tow in towards Pier 40, where it fastened. Tug and tow had the regulation lights set and burning, and both No. 35 and her helper blew "attention signals" as they approached the pier line. The object of these signals was to warn the men on the boats in tow to be ready to handle their lines; but the blowing of whistles and the lighted tow slowly approaching the pier line gave any boatman the fullest warning that a scene of daily occurrence in New York harbor was to take place; i. e., the landing of an Amboy 'or Port Reading coal fleet. The approach of the flotilla to Pier 40 necessarily involved passage by Pier 41, at a distance not definitely shown by the evidence, but certainly great enough to insure the safety of the boats lying there, although the tow was probably "sagging in" slightly as it passed Pier 41. The No. 3 was so engrossed in preparing its own tow that, having no lookout, her master at the wheel neither saw nor heard the approaching tow, but, while backing for his own purposes, his stern collided with the forward starboard corner of the starboard scow in No. 35's hawser tier. This suit was brought to recover for injury to No. 3, the libel alleging faults all disproved, and of which but one need be noticed, viz. that No. 35 failed "to hold up its tow, and allowed it to crowd in upon and come into collision with" No. 3. It is clear to us that No. 35 was making a landing in the usual and proper way, endangering no other moored vessels; she did not permit or cause her tow to crowd upon or collide with any other vessel, but, on the contrary, collision was caused solely by No. 3 blindly backing into the tow. The case is one of special circumstances, and the sole cause of collision was the inattention of No. 3, and her negligence in failing to notice the lawful and usual approach of a large tow. Doubtless that tow was something of a nuisance to No. 3, and it would probably have delayed the make-up of No. 3's tow, but that was neither reason nor excuse for backing into it. Decree modified, by directing that No. 3 be held solely at fault. Costs to appellant in both courts.